BENJAMIN B. WAGNER
United States Attorney
JEAN M. HOBLER
MARILEE L. MILLER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:11-CR-353 MCE |
| Plaintiff, | |
| v. | **ORDER REQUIRING OCWEN FINANCIAL CORPORATION TO PROVIDE INFORMATION SOUGHT BY SUBPOENA** |
| ANTHONY SALCEDO, | |
| Defendant. | |

This United States caused the issuance of a Subpoena to Testify at a Hearing or Trial in a Criminal Case to Ocwen on July 30, 2015, and it was served on Ocwen on the same date. Per the attachment, the purpose of the Subpoena was to secure "materials . . . in advance of federal sentencing proceedings scheduled for September 10, 2015" for the defendant. For reasons unrelated to this Motion, the sentencing proceedings for Defendant Anthony Salcedo were rescheduled to November 12, 2015. The primary purpose of these subpoenaed materials, per the government, is to assist with the calculation of restitution amounts, some of which may be owed to Ocwen and the entities for which Ocwen performed its mortgage servicing obligations.

For his part in a mortgage fraud scheme involving multiple properties, the defendant was convicted of multiple counts of mail fraud and conspiracy to commit mail fraud. The Subpoena requested from Ocwen "any and all documents . . . related to losses sustained in connection with" the mortgage for one of these properties located at 3534 Ridgeview Drive, El Dorado Hills, California

("Ridgeview Drive Property"). This included "records related to the mortgagor's performance on the mortgage loan including repayment records;" "records related to the costs of servicing;" and "records related to the costs of foreclosure."

To date, in response to the subpoena, Ocwen has provided a copy of the loan file, previously in the government's and the defendant's possession as a result of an unrelated subpoena issued in 2011, and a one-page summary of loss amounts that does not address the costs of foreclosure or other relevant information. The government requested further information from Ocwen about the location and disposition of the records and has not yet received an update.

Having considered the government's Motion and the associated record, the Court finds that good cause exists for ordering Ocwen to provide additional information regarding its efforts to comply with the subpoena. IT IS HEREBY ORDERED:

(a) The government's Motion is GRANTED;

(b) Not later than ten calendar days from the date of this ORDER, Ocwen shall produce records sufficient to identify:

1. The cost of foreclosure of the Ridgeview Drive Property including but not limited to the unpaid principal balance; lost principal and interest payments; incurred tax and insurance payments; property maintenance costs; lost servicing fees; costs of collection or servicing efforts; legal costs; administrative fees; costs for restoring the property to saleable condition; marketing fees; appraisal fees; and real estate commissions.

2. Any offset of costs from the foreclosure of the Ridgeview Drive Property including but not limited to partial payments of principal, taxes, or insurance; mortgage insurance payments; and amounts secured through sale.

(c) To the extent that Ocwen relies on any computer-generated summaries in satisfaction of (b), Ocwen shall simultaneously provide the government with a sworn statement sufficient for purposes of Federal Rule of Evidence 901(b)(9) regarding the computer system used to compile the records, search the records, and compile the summaries.

(d) To the extent that Ocwen is unable to satisfy the requirements of (b) or (c), Ocwen shall file not later than ten calendar days from the date of this Order a statement under penalty of

perjury from a competent witness detailing: (1) the last known location of such records; (2) the last known entity in possession of such materials; (3) whether such materials were lost or destroyed; and (4) how, when, and why such materials were lost or destroyed.

(e)  The government shall provide notice to Ocwen of this order forthwith.

IT IS SO ORDERED.

Dated:  November 16, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT